```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
   LIVEINTENT, INC., a Delaware Corporation,                 :
                                                             :
                                      Plaintiff,             :
                                                             :            23-CV-11204 (VSB)
                        -against-                            :
                                                             :                 ORDER
   VANTAGE GROUP LLC, a Florida Limited                      :
   Liability Company,                                        :
                                                             :
                                      Defendant.             :
------------------------------------------------------------ X
```

VERNON S. BRODERICK, United States District Judge:

  On December 27, 2023, Plaintiff LiveIntent, Inc. ("LiveIntent") commenced this action by filing a Complaint against Defendant Vantage Group LLC ("Vantage"). (Doc. 1 ("Complaint").) The Court now sua sponte DISMISSES the Complaint without prejudice and with leave to replead.

  LiveIntent's Complaint predicates federal jurisdiction on the basis of diversity of citizenship. (Am. Compl. ¶ 7.) Vantage, however, is a limited liability corporation. (*Id.* ¶ 11.) Although the Complaint alleges that Vantage is organized under Florida law, it does not plead the citizenship of each of Vantage's constituent members. The Complaint therefore ignores that, for diversity purposes, an LLC is a citizen of every state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000); *Dumann Realty, LLC v. Faust*, No. 09-cv-7651, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013) (recognizing that an LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties"). Accordingly, on its face, the Complaint fails to properly plead the existence of diversity jurisdiction. When a complaint fails to plead subject-matter jurisdiction, courts are obligated to dismiss it sua sponte. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see, e.g., Bodhi Bldg. v. Elmsford Chicken, LLC*, No. 21-cv-919, 2021 WL 466009, at *3 (S.D.N.Y.

Feb. 9, 2021) (dismissing action for failure to allege citizenship of each member of limited liability company); *Laufer Wind Grp. LLC v. DMT Holdings LLC*, No. 10-cv-8716, 2010 WL 5174953 (S.D.N.Y. Dec. 20, 2010) (same).

   Accordingly, LiveIntent's Complaint is DISMISSED without prejudice and with leave to replead.  LiveIntent has thirty days to file an amended complaint that properly asserts subject-matter jurisdiction.  If LiveIntent fails to submit an amended complaint within that time frame, the Clerk of the Court is directed to terminate this action.

SO ORDERED.

Dated:  January 31, 2024
    New York, New York

                    _____
                    Vernon S. Broderick
                    United States District Judge